Argued June 2, reversed and remanded September 17, 1969

SHANE, *Appellant, v.* OBERDING,
*Respondent.*

458 P2d 930

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Wilson & Atchison, Portland.

*Paul D. Clayton,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards and Fraser, Eugene.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff was injured while a passenger in an automobile which was wrecked when it went off a detour and over a steep bank on the Coast Highway. Defendant was acting District Maintenance Superintendent of the Oregon State Highway Commission. He was charged with negligence in the manner in which the detour was established and maintained. He pleaded a general denial and no claim of contributory negligence was made against plaintiff. No defense of governmental immunity was interposed. A judgment was entered on a jury verdict for defendant and plaintiff appealed.

Plaintiff's only claims of error involve the propriety of the trial court's instructions to the jury. One of the issues in the case was whether the cause

of the accident was the claimed negligence of defendant or whether it was the negligence of the operator of the vehicle in which plaintiff was a passenger. Plaintiff's principal contention concerns the instructions which were given relative to the causal connection, if any, between any negligence of the driver and plaintiff's injuries. An exception was taken to the following instructions:

"Now, let's look at the conduct of third parties. You will remember I told you that the conduct of the driver could be examined. There was no duty to allege this and the *plaintiff must satisfy you by a preponderance of the evidence that a third party or third parties were not the sole cause.*

\* \* \* \* \*

"The process here is different. I am going to review it once more to make this distinction. First you determine what the facts are. If you find facts that violate any statute that I read to you, then it is negligence as a matter of law. Then you turn to causation. Was the negligence upon the part of the third party a direct factor and substantial factor in the occurrence of the accident. Third, was it the sole cause, was it the only cause, was it the only thing of a negligent character that was a direct factor and a substantial factor in the occurrence of the accident. If you find all of these things favorably to the defendant, *bearing in mind that the plaintiff has the burden of proof to overcome this,* but if you find this in favor of the defendant, then the defendant would be entitled to prevail; but, if any one of these factors were missing, then this third party negligence would be ruled out of the case as to that item." (Emphasis ours.)

■ Instructions on causation are of necessity somewhat abstract and, therefore, difficult conceptually for laymen and, it might be added, for many lawyers and judges as well. Therefore, extreme care should be

taken not to give an instruction on causation which lends itself to further confusion. The jury was instructed that the plaintiff must satisfy it by a preponderance of the evidence that a third party was not the sole cause of the accident. This is simply a reverse way of saying that plaintiff must prove that defendant's negligence was a cause of the accident. Unless it was proved that a third party's negligence was not the sole cause, defendant's negligence could not be a cause. However, we are extremely doubtful that it would be so understood by the average juryman. We think it more likely that the jury would be confused, because it states plaintiff's burden of proof in a negative form.

In addition, the language, "* * * plaintiff has the burden of proof to overcome this, * * *" is not clear. Presumably, "this" refers to the possibility that negligence of the driver was the sole cause of the accident. If that is the case, the instruction infers that the negligence of the driver was presumptively the sole cause unless plaintiff carries his burden and overcomes the presumption. One does not have to "overcome" something that does not exist. A lawyer, after long study, might conclude that that which was to be "overcome" was the risk of non-persuasion that the negligence of defendant was a legal cause of the accident and damage. However, we cannot conceive that a layman could be acquainted with the applicable law by listening to such a confusing and misleading instruction.

We are aware that the jury, at other places in the instructions, was told as follows:

"* * * She [plaintiff] does not have to prove that a negligent act of the defendant was the sole

cause of the accident because the law contemplates that there can be more than one instance of negligence in an accident without defeating the right to recovery."

"* * * If the plaintiff's proof establishes that a negligent act of the defendant was a direct factor and a substantial factor in the occurrence of the accident, you would necessarily have to decide the issue of compensation in her favor despite the involvement of third party negligence."

Despite these instructions, it appears that the result is confusing. The impression is still left that the negligence of the driver is the sole cause of plaintiff's damage unless "overcome" by plaintiff. This court in *Williams v. Portland General Electric Co.*, 195 Or 597, 610, 247 P2d 494 (1952), said as follows:

"The parties to any jury case are entitled to have the jury instructed in the law which governs the case in plain, clear, simple language. The objective of the mold, framework and language of the instructions should be to enlighten and to acquaint the jury with the applicable law. Everything which is reasonably capable of confusing or misleading the jury should be avoided. Instructions which mislead or confuse are ground for a reversal or a new trial."

■ In this case, the trial judge was obviously instructing "off the cuff," (a practice to be avoided) and said too much. The instructions were extremely verbose and the chance for error was magnified. We reluctantly reverse and remand the case for a new trial.

■ In view of the fact that the case will be retried, we believe it would be well to mention plaintiff's second claim of error. After instructing on causation, the court told the jury as follows:

"Now, there are two exceptions it is sometimes

said which might sound like a departure from this, but it is only another way of saying the same thing. * * * Another exception would be if there was and you found there was negligence on the part of the defendant but it had become merely a condition existing at the time of the accident and was not its cause. * * *."

This instruction is equivalent to saying that if negligence is not the cause, it is not the cause. The instruction was unnecessary and to be avoided.

The judgment of the trial court is reversed and the case is remanded for a new trial.